IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Genuine Truth Banner, | ) | Case No.: 6:21-cv-03738-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Joel Anderson, Joseph Stines, Dennis | ) | |
| Patterson, Sr., Stacey E. Richardson, | ) | |
| Dr. Stephanie Skewes, Brandon Byrd, | ) | |
| Terrie Wallace, Jana Hollis, Sherry | ) | |
| Mackey, Audrey Daniels-Moore, Clinton | ) | |
| Parker, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States

Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report") (DE 23), made in

accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South

Carolina.[1]  Plaintiff Genuine Truth Banner ("Banner" or "Plaintiff"), proceeding *pro se*, filed this

Complaint alleging violations of his constitutional rights by the Defendants Joel Anderson, Joseph

Stines, Dennis Patterson, Sr., Stacey E. Richardson, Dr. Stephanie Skewes, Brandon Byrd, Terrie

Wallace, Jana Hollis, Sherry Mackey, Audrey Daniels-Moore, Clinton Parker, (collectively

"Defendants").  Plaintiff alleges he was placed in maximum security on April 2, 2020, based upon

his involvement in an incident at Lee Correctional Institution for which he was charged with

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final
determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-
71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and
Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole
or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28
U.S.C. § 636(b)(1).

assault/attempted murder and possession of a weapon during a violent crime ("the Lee Incident") and for which he was later found not guilty.[2]  (DE 18, p. 9.)

Plaintiff is in the custody of the South Carolina Department of Corrections ("SCDC") and currently housed at Kirkland Correctional Institution ("Kirkland").  The Plaintiff's Complaint was entered on the docket on November 15, 2021.  (DE 1.)  By Order filed January 13, 2022, the Plaintiff was informed that his Complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days.  (DE 12.)  The Plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the magistrate would recommend that his case be dismissed.  (Id. at 12.)  On January 31, 2022, the Plaintiff's amended Complaint was entered on the docket.  (DE 18.)

On February 15, 2022, the magistrate judge issued the Report (DE 23), recommending dismissal because Plaintiff's amended Complaint still failed to state a claim upon which relief may be granted.  For the reasons stated below, the Court adopts the Report and Recommendation.[3]

## BACKGROUND

The Report sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation.  However, as a brief background relating to the objections raised by Defendant, the Court provides this summary.

Following the Lee Incident, Plaintiff contends that a disciplinary hearing was not held within 21 days as required by SCDC policy and that his custody classification was improperly raised.  (DE 18, pp. 8–10.)  The Plaintiff was provided notice of a disciplinary hearing for the Lee

---

[2]     Although these charges previously appeared on the public index, they appear to have been removed.

[3]     By virtue of the Court's Order herein, all other pending motions are denied as moot.

Incident almost a year later based upon a hearing extension the Plaintiff contends was invalid. (Id.)  The Plaintiff attended the disciplinary hearing on April 23, 2021, and the Plaintiff was found not guilty but his security classification was not lowered, which continues to affect his accrual of good credit time.  (Id.)

The Plaintiff contends that after he requested information regarding the charges used to justify his stay in max security, he was told that no disciplinary hearing decision had been made. (Id. at 9.)  The Plaintiff contends that he has not been provided a review every 90 days of his custody status as required by SCDC policy – although he also contends that reviews of his custody status are occurring without him present, which makes them invalid.  (Id. at 9, 14.)  The Plaintiff further contends that after he was found not guilty of the state criminal charges, a disciplinary hearing was held where, without due process, he was found guilty of a disciplinary charge relating to the Lee Incident, and, therefore, deducted 12 days of good time and sentenced to time served. (Id. at 11, 14-15.)  The Plaintiff has appealed the disciplinary charge, but has not received a response.  (Id.)

The Plaintiff complained to Mr. Patterson, Warden Wallace, and the grievance office about his custody status, but he did not receive a response (Id. at 9.)  The Plaintiff further contends that he complained to Warden Wallace about the strip search policy and his inability to file electronic grievances, but she did not respond.  (Id. at 10, 13.)  When the Plaintiff complained to Ms. Skewes and Ms. Richardson about his custody level, he was told to file complaints electronically, which he cannot do.  (Id. at 10.)  He also complained to Warden Wallace regarding mail interference and denied privileges, but she did not respond.  (Id.)  The Plaintiff also contends that he and other SCDC maximum security inmates are subject to unconstitutional conditions of confinement by way of the following:  no windows to the outside in the cells, cells are extremely cold, and he has

3

not been provided enough food. (Id. at 11.) The Plaintiff alleges that he has not been able to go to outside recreation because he refuses to subject himself to invasive strip searches. (Id. at 12, 16.) While in max security, the Plaintiff also alleges that he is not allowed access to educational programs. (Id.)

The Plaintiff further alleges that his due process rights and rights under the United Nations Declaration of Human Rights have been violated because he has not been allowed access to recreation, educational programs, has restricted phone access, does not earn good time, and cannot utilize the canteen. (Id. at 11, 13.) He contends that these restrictions impose an atypical and significant hardship on him (Id. at 13.) The Plaintiff further alleges that his First Amendment rights are being violated because his mail has been mishandled and delayed and his phone time has been restricted. (Id.)

The Plaintiff alleges that he has been retaliated against by the Defendants in the following ways: his continued max custody level; his loss of weight because he is not being fed enough; the extremely cold temperature in his cell; and mail interference, to include being appointed a lawyer he does not like in his petition for a writ of certiorari case. (Id. at 14-17.) The Plaintiff's alleged injuries include loss of weight, loss of Vitamin D, blood clots, and emotional distress (Id. at 18.) For relief, the Plaintiff seeks money damages. (Id.)

## DISCUSSION

Banner filed an objection to the Report on March 2, 2022. (DE 26.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of

such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.  However, at best the Court has gleaned that Banner objects to the dismissal of his Retaliation claim because he is being housed in max security even after Defendant Audrey Daniels-Moore imposed a "time served" sentence on Banner for the Lee Incident and because the law library clerk was removed and, therefore, Plaintiff has no way of getting copies or his materials returned to him.  (DE 26, p. 2.)   The Report correctly noted that "[w]ith respect to causation, a plaintiff must plausibly allege knowledge by the defendant of a plaintiff's protected activity as well as that the retaliation took place within some "temporal proximity" of that activity. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 501 (4th Cir. 2005)). Here, Plaintiff fails to present more than conclusory accusations of retaliation and has not provided facts to show the exercise of his constitutional rights was a substantial factor motivating the retaliation.  Therefore, this Court overrules Plaintiff's objection.

As to Plaintiff's Conditions of Confinement claim, he repeats his allegation that he is starved, there is no sunlight in his cell, and his cell is often 40 degrees.  (DE 26, p. 3.)  However, the Report pointed to the specific deficiency of his allegations:  "Here, the plaintiff conclusorily

asserts that he is not being provided enough food; however, he has not plausibly alleged that the defendants acted in a sufficiently culpable manner with respect to the amount of food he is provided or his basis for the food being inadequate[;]" and "the plaintiff's allegations – that his cell window isn't to the outside so he can see the sun and that his cell is cold when he is not under the covers – fail to rise to the level of a constitutional violation[;]" and "'the Constitution does not mandate comfortable prisons.'"  (DE 23, p. 9-10.)  Plaintiff has not specifically addressed these deficiencies raised in the Report.  Therefore, the Court overrules Banner's objection.

Lastly, as to Plaintiff's Due Process Claim, Banner cites to Sandin v. Conner, 515 U.S. 472, 483-85 (1995), for the proposition that his claims "COLLECTIVELY" amount to an "'atypical and significant hardship' in comparison to the 'ordinary incidents of prison life.'"  (DE 23, p. 4.)  This Court disagrees that Sandin stands for the proposition of "collective" claims amounting to a sufficient hardship on inmates to state a claim of a violation of due process.  Instead, the Report correctly cited to Sandin in which the Supreme Court noted, "a change in a prisoner's conditions of confinement only gives rise to a federally-protected liberty interest if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 483, 485 (finding no liberty interest when inmate placed in segregated confinement)."  The Court agrees with the Report that "the plaintiff's amended complaint does not allege an atypical or significant hardship."  (DE 23, p. 13.)  Instead, the Plaintiff's personal allegations of wrongdoing by the Defendants focus on allegations that they have not responded to his grievances, or that they have wrongfully denied his grievances.  However, these claims are premature because he concedes that he is still appealing the disciplinary charge.  (DE 18, at 11.)  Furthermore, as ably addressed in the Report "because the plaintiff alleges that twelve days of

good time were improperly taken from him, he may not bring any claim relating to the disciplinary charge in this action."[4]  Therefore, the Court overrules Banner's objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
May 16, 2022

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4]    The Report correctly notes that Banner has two main avenues for relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights Act, § 1983.  See Muhammad v. Close, 540 U.S. 749, 750 (2004); see Preiser v. Rodriguez, 411 U.S. 475, (1973) (an application seeking release from custody is an application for habeas corpus and is not an available remedy under the Civil Rights Act).  "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement," Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser, 411 U.S. 475, 487–90), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," Muhammad, 540 U.S. at 750.